**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIAN ANTHONY,<br><br>                          Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et. al.,<br><br>                          Defendants. | Case No.:  25-cv-3425-BJC-MSB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME AND MOTION TO SET ASIDE DEFAULT AND DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR DEFAULT JUDGMENT**<br><br>**[ECF Nos. 6, 7, 9, 12]** |

Pending before the Court is Defendants County of San Diego and Dan McAllister's motion to set aside default and motion for an extension of time, and Plaintiff's motion to strike and motion for default judgment.  ECF Nos. 6, 7, 9, 12.  After a review of the parties' submissions, and for the reasons discussed below, the Court GRANTS Defendants' motions and DENIES  Plaintiff's motions.

**BACKGROUND**

Plaintiff Marian Anthony filed the instant complaint, *pro se*, on December 4, 2025, asserting claims under 42 U.S.C. § 1983 for violations of his First, Fourth, Fifth and Fourteenth Amendment rights, as well as violations of the Contracts Clause.  ECF No. 1.

1

Plaintiff alleges multiple San Diego County departments harassed him after he filed a lawsuit against the San Diego County Sheriff's Department. *Id*. at 1.[1]  He names the County of San Diego, McAllister and Does 1-50 as defendants. *Id*.  On December 23, 2025, Defendant County of San Diego filed a motion to dismiss.  ECF No. 3.

On February 2, 2026, Plaintiff requested entry of default against Defendants McAllister and Does 1-50.  ECF No. 4.  The Clerk of Court entered default against Does 1-50 and McAllister on February 3, 2026.  ECF No. 5.  On February 3, 2026, Plaintiff filed a motion to strike Defendant County of San Diego's request for judicial notice in support of the motion to dismiss along with a request for sanctions.  ECF No. 6.  On February 6, 2026, Defendants County of San Diego and McAllister filed a motion to set aside the entry of default.  ECF No. 7.  Plaintiff filed a motion for default judgment on February 9, 2026, and filed an opposition to Defendants' motion to set aside entry of default on February 19, 2026.  ECF No. 9.  On February 27, 2026, Defendants filed a motion for an extension of time to serve the motion to dismiss and filed a reply in support of their motion to set aside the default on March 3, 2026.  ECF Nos. 12, 13.

On March 19, 2026, Plaintiff filed an opposition to Defendants' extension of time, and Defendants filed a reply in support of their motion for an extension of time on March 26, 2026.  ECF Nos. 14, 18.

**DISCUSSION**

Defendants move to set aside the Clerk's entry of default against Doe Defendants and Defendant McAllister.  "The court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c).  A court considers three factors when making the "good cause" determination:

> (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party.

---

[1] Page numbers refer to those generated by the Court's CM/ECF system.

25-cv-3425-BJC-MSB

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. When addressing a request to set aside entry of default, the factors are "liberally interpreted" and courts have broad discretion on whether to set aside default. *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Defendants argue, to the extent the default is entered against the County of San Diego, the County appeared in this action by filing a motion to dismiss. ECF No. 7-1 at 3. They further argue the motion to dismiss serves as Defendant McAllister's response, because he is sued in his official capacity as the San Diego County Treasurer-Tax Collector. Additionally, they maintain Defendant McAllister passed away on December 17, 2025. Defendants also contend it is improper to enter a default order against a Doe defendant that has never been served.

Plaintiff argues despite McAllister's death, the county remains liable under *Monell*, and official capacity claims survive against the successor officeholder. He further argues the Does are identified in the complaint, as those who drafted the final warning, various other letters, and are management supervisors. He also contends the motion to dismiss was untimely.

In reply, Defendants argue Plaintiff does not deny that, because he sued Defendant McAllister in his official capacity, Defendant McAllister and the County are indistinguishable for pleading purposes. They further maintain Plaintiff fails to show that he served any Doe Defendant.

Default is properly entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Plaintiff's proof of service demonstrates all Defendants were served by mail to the Office of County Counsel. ECF No. 1-4 at 2. However, the Doe Defendants are not identified in the complaint, and there is no authority supporting Plaintiff's assertion that the unidentified Defendants are properly served through County Counsel. Accordingly, the default against

25-cv-3425-BJC-MSB

the Doe Defendants shall be set aside.

Defendant McAllister is sued in his official capacity.  The real party in interest, in an official-capacity suit, is the entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  As such, the claims against Defendant McAllister are properly treated as an action against the County of San Diego. The County filed a motion to dismiss on December 23, 2025. However, it did not serve Plaintiff with the motion until February 17, 2026, after it realized he had not consented to electronic service.  Defendants now seek an extension of time for service of the motion.  Under Federal Rule of Civil Procedure 6, a court may extend a deadline, for good cause shown, "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).  Rule 6 is "liberally construed to effectuate the general purpose of seeing that cases are tried on their merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).  In determining whether a party's neglect in excusable, courts consider "all relevant circumstances, including (1) danger of prejudice; (2) length of delay and potential impact on proceedings; (3) reason for delay and whether it was within the party's control; and (4) whether the party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, the delay was caused by Defendants' counsel's incorrect assumption that Plaintiff had consented to electronic service.  After discovering the error, counsel conferred with Plaintiff and served Plaintiff with the motion by mail on February 17, 2026.  Plaintiff knew about the motion to dismiss since, at least, February 5, 2026, when he filed a motion to strike the request for judicial notice in support of the motion to dismiss.  Moreover, the Court will permit Plaintiff additional time to supplement his answer to the pending motion. Accordingly, there is no prejudice to Plaintiff in granting the request for an extension of time.  Given the early stage of this action, the delay caused by the additional time provided to serve the motion will minimally impact the proceedings.  Additionally, there is nothing before the Court to suggest Defendants did not act in good faith.  The Court finds good cause to extend the deadline.  As such, Defendants' motion is granted.  In light of the

extension, the Clerk's entry of default should be set aside.

Plaintiff's motion to strike the request for judicial notice filed in support of Defendants' motion to dismiss and for sanctions against Defendants primarily argues the documentation should be stricken for failure to properly serve. "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing of those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Generally, motions to strike are disfavored, and are "not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992). As discussed above, the improper service was remedied by Defendants' later service by mail. Plaintiff's other arguments unrelated to service can be addressed in his supplemental response to the motion to dismiss. Furthermore, the Court finds an award of sanctions is unwarranted. The motion to strike is DENIED.

## CONCLUSION AND ORDER

Based on the foregoing, the Court GRANTS Defendants' motion to set aside the entry of default and Defendants' motion for an extension of time to serve the motion to dismiss. Plaintiff's motion for default judgment is DENIED. Plaintiff's motion to strike is DENIED. Plaintiff may file a supplement response to the motion to dismiss **on or before May 19, 2026**. Defendants may file a reply **on or before May 26, 2026**.

**IT IS SO ORDERED**.

Dated: April 28, 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-3425-BJC-MSB