# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MARIAN ANTHONY,

Plaintiff,

v.

COUNTY OF SAN DIEGO, et. al.,

Defendants.

Case No.:  25-cv-3425-BJC-MSB

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**[ECF No. 22]**

Pending before the Court is Plaintiff's motion for reconsideration.  ECF No. 22. Plaintiff asks the Court to vacate its order granting Defendants' motion for extension of time and motion to set aside entry of default, and denying Plaintiff's motion to strike and motion for default judgment.  ECF No. 20.  Defendant County of San Diego opposes the motion.  ECF No. 25.

Plaintiff seeks reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.  Rule 59(e) applies to motions to alter or amend a judgment, "in other words, a *final* order."  *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000) (emphasis in original).  Rule 60(b) similarly provides relief from judgments, orders, or proceedings that are final. *Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 104 (9th Cir. 1958);

1

*see also Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 816 (9th Cir. 2018) ("The word "final" in the Rule designates orders that terminate litigation and are subject to appeal."). The order Plaintiff challenges is not a final order. As such, Rules 59(e) and 60(b) are not applicable.

However, a party may apply for reconsideration of an order denying a motion, application, or petition in the Southern District of California. LR 7.1.i. The applicant must provide an affidavit that includes "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Courts often utilize the standards of Rules 59(e) and 60(b) when addressing motions for reconsideration. *Kroutik v. Rajic*, 2025 WL 3558843, at *1 (S.D. Cal. Dec. 11, 2025). A court may grant reconsideration under Rule 59(e), when it is "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Rule 60 allows for reconsideration for (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud or misrepresentation; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. FED. R. CIV. P. 60(b). Reconsideration is left to the sound discretion of the court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation,* 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff claims the Court (1) erred in granting the motion to set aside default against Defendant Dan McCallister who is now deceased, (2) improperly liberally construed Defendants' motion, and (3)incorrectly determined Defendants did not act with bad faith. Additionally, Plaintiff argues the Court ignores Supreme Court precedent.

Contrary to Plaintiff's contentions, this Court applied Ninth Circuit and Supreme Court law to determine whether setting aside the entry of default was proper. Specifically, the Court determined the claims against Defendant McAllister are properly treated as an action against the County of San Diego, and the County filed a motion to dismiss on December 23, 2025, in response to the complaint. The Court found good cause to extend

25-cv-3425-BJC-MSB

the deadline for serving the motion to dismiss to February 17, 2026, under Federal Rule of Civil Procedure 6. Plaintiff disagrees with the Court's evaluation of the factors presented in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), in finding Defendants demonstrated good cause to extend the deadline. Disagreement with the Court's order is insufficient to support reconsideration. *Hawaii Stevedores*, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). Plaintiff fails to demonstrate reconsideration is warranted. Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.

Dated:  May 29, 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge