**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIAN ANTHONY, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN DIEGO, et. al., <br><br> Defendants. | Case No.:  25-cv-3425-BJC-MSB <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> **[ECF No. 3]** |

**BACKGROUND**

Plaintiff Marian Anthony filed the instant complaint, *pro se*, on December 4, 2025, asserting claims under 42 U.S.C. § 1983 for violations of his First, Fourth, Fifth and Fourteenth Amendment rights, as well as violations of the Contracts Clause.  ECF No. 1. Plaintiff alleges multiple San Diego County departments harassed him after he filed a lawsuit against the San Diego County Sheriff's Department.  *Id*. at 1.[1]  He names the County of San Diego, McAllister and Does 1-50 as defendants.  *Id*.  On December 23, 2025, Defendant County of San Diego filed a motion to dismiss.  ECF No. 3.

---

[1] Page numbers refer to those generated by the Court's CM/ECF system.

On February 2, 2026, Plaintiff requested entry of default against Defendants McAllister and Does 1-50.  ECF No. 4.  The Clerk of Court entered default against Does 1-50 and McAllister on February 3, 2026.  ECF No. 5.  On February 3, 2026, Plaintiff filed a motion to strike Defendant County of San Diego's request for judicial notice in support of the motion to dismiss along with a request for sanctions.  ECF No. 6.

On February 6, 2026, Defendants County of San Diego and McAllister filed a motion to set aside the entry of default.  ECF No. 7.  Plaintiff filed a motion for default judgment on February 9, 2026, and filed an opposition to Defendants' motion to set aside entry of default on February 19, 2026.  ECF Nos. 9, 11.  On February 27, 2026, Defendants filed a motion for an extension of time to serve the motion to dismiss and filed a reply in support of their motion to set aside the default on March 3, 2026.  ECF Nos. 12, 13.  On March 19, 2026, Plaintiff filed an opposition to Defendants' extension of time, and Defendants filed a reply in support of their motion for an extension of time on March 26, 2026.  ECF Nos. 14, 18.

The Court issued an order on April 28, 2026, granting Defendants' motion to set aside the entry of default and Defendants' motion for an extension of time to serve the motion to dismiss, and denying Plaintiff's motion for default judgment and Plaintiff's motion to strike.  ECF No. 20.  The Court provided Plaintiff an opportunity to respond to the motion to dismiss on or before May 19, 2026.  *Id*.  Plaintiff requested the Court reconsider its order.  ECF No. 22.  The Court denied the request by order filed on May 29, 2026.  ECF No. 27.  To date, Plaintiff has failed to file a response to the motion to dismiss.

Under the Court's local rules, an opposing party must file an opposition or notice of non-opposition to a motion no later than fourteen days prior to the noticed hearing.  CivLR 7.1.e.2.  Failure to file an opposition or notice of non-opposition "may constitute a consent to the granting of [the] motion."  CivLR 7.1.f.3.c.  A district court may, pursuant to a local rule, grant a motion to dismiss as unopposed.  *See Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995) (affirming the district court's order granting unopposed motion to dismiss *pro se* litigant's complaint).  The court must weigh several factors before dismissing the action,

25-cv-3425-BJC-MSB

including, "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id*. at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

The first factor, the public's interest in expeditious resolution of litigation, always weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court's need to manage its docket, and the risk of prejudice to Defendant by further delays in this litigation also support dismissal. Defendant provides proof of service of the motion to dismiss, and this Court provided Plaintiff additional time to respond to the motion. *See* ECF Nos. 10, 21. Plaintiff's failure to respond to the motion prevents the case from moving forward. The lack of appropriate less drastic sanctions also supports dismissal.

Accordingly, the Court GRANTS Defendant's motion to dismiss. The complaint is DISMISSED without prejudice.

**IT IS SO ORDERED**.

Dated: July 17, 2026

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-3425-BJC-MSB